Edna E. GOOCH, Plaintiff,

v.

Joel EDELMAN, Director of the Illinois Department of Public Aid, Defendant.

No. 74 C 455.

United States District Court, N. D. Illinois, E. D.

July 11, 1974.

William J. Scott, Atty. Gen., Chicago, Ill., George L. Grumley, Special Asst. Atty. Gen., Chicago, Ill. (of counsel); and William A. Wenzel, Special Asst. Atty. Gen., Chicago, Ill. (of counsel), for defendant Joel Edelman.

**724**

Richard S. Fleisher, Karlin & Fleisher, Chicago, Ill., for plaintiff Edna E. Gooch.

## ORDER

J. SAM PERRY, Senior District Judge.

The Plaintiff, EDNA E. GOOCH, filed an action for declaratory, injunctive and monetary relief against the Defendant, JOEL EDELMAN, Director of the Illinois Department of Public Aid, alleging federal jurisdiction under Title 28, U.S.C. Section 1343(3) and (4), challenging the enforcement of Section 11–22 of the Illinois Public Aid Code. Ch. 23, Ill.Rev.Stat. Section 11–22 provides for the imposition of a charge

> . . . upon all claims, demands and causes of action for injuries to an applicant for or recipient of financial aid . . . for the total amount of medical assistance provided the recipient . . .

Plaintiff alleges that Defendant, pursuant to Section 11–22, imposed a lien on the proceeds of a personal injury action settlement as the result of medical assistance provided Plaintiff under the Public Aid Code. Plaintiff's theory is that such a lien violates federal law, specifically, Title 42 U.S.C. Section 1396a(a)(18), and the Equal Protection Clause of the Fourteenth Amendment.

The cause came on to be heard on Defendant's Motion to Dismiss the Complaint under Rule 12(b)(6) F.R.Civ.P., or in the alternative, for Summary Judgment. The Court, having considered the Complaint, Defendant's Motion and Memorandum of Law in Support, finds that no genuine issue of material fact exists, and being otherwise fully advised in the premises, makes the following conclusions of law:

## CONCLUSIONS OF LAW

■ 1. The Eleventh Amendment is a jurisdictional bar to an award of damages, nominally against a state official, but in fact against the State of Illinois. *Edelman v. Jordan,* 415 U.S. 651, 94 S. Ct. 1347, 39 L.Ed.2d 662 (1974).

■■ 2. Section 11–22, Chapter 23, Ill.Rev.Stats. (1973), whereby the Illinois Department of Public Aid imposes a charge upon all claims, demands, or causes of actions for injuries to applicants for, or recipients of, financial aid under the state Public Aid Code, is a valid reimbursement scheme under applicable federal statutory and regulatory provisions, Title 42 U.S.C. Section 1396a(a)(25), Title 45 C.F.R. Section 250.31, and does not violate the Supremacy Clause of the Federal Constitution.

■■ 3. Section 11–22 of the Illinois Public Aid Code does not violate Plaintiff's right to Equal Protection of the laws. Illinois has a reasonable basis for creating and enforcing liens under Section 11–22: (1) they help finance the State's assistance program; (2) liens result in savings of tax money and encourage persons to become independent of the assistance rolls. *Snell v. Wyman,* 281 F.Supp. 853 (S.D.N.Y. 1968), affd. 393 U.S. 323, 89 S.Ct. 553, 21 L.Ed.2d 511 (1969); *Charleston v. Wohlgemuth,* 332 F.Supp. 1175 (E.D. Pa.1971), affd. 405 U.S. 970, 92 S.Ct. 1204, 31 L.Ed.2d 246 (1972).

4. The Complaint should be dismissed for failure to state a claim upon which relief can be granted. No substantial federal question is raised under either the Fourteenth Amendment or the Social Security Act.

It is therefore ordered that Defendant's Motion for Summary Judgment be and hereby is granted, that the Complaint be dismissed with prejudice and without costs, and that Judgment be and hereby is entered for the Defendant and against the Plaintiff.